LUIS CALERO ALFARO, demandante y apelado, *v.* JOSÉ GONZÁLEZ MERCADO, demandado y apelante.

Núm. 8587.—*Sometido:* Febrero 11, 1943. *Resuelto:* Marzo 15, 1943.

*José Veray, Jr.*, abogado del apelante; *García Méndez & García Méndez*, abogados del apelado.

E<small>L</small> J<small>UEZ</small> A<small>SOCIADO</small> S<small>EÑOR</small> T<small>RAVIESO</small> emitió la opinión del tribunal.

El 27 de enero de 1941, el demandado José González Mercado acometió y agredió con un revólver al demandante Luis Calero, infiriéndole dos heridas de bala en el muslo izquierdo. Calero radicó una demanda ante la Corte de Distrito de Aguadilla, en reclamación de los daños y perjuicios que había sufrido como consecuencia de dichas heridas. Alegó el demandante que él se encontraba en su finca cuando inesperadamente se presentó el demandado y le hizo tres disparos con la intención de matarle.

El demandado contestó negando específicamente todos y cada uno de los hechos de la demanda; y como defensa especial alegó, que los daños sufridos por el demandante no fueron causados por culpa, negligencia o intención criminal de parte del demandado y sí como consecuencia de la propia culpa del demandante.

La corte inferior dictó sentencia a favor del demandante por la suma de $1,750, más $300 por honorarios de abogado, y las costas.

El demandado apelante alega que la corte sentenciadora erró al apreciar la prueba; al declarar que las lesiones recibidas por el demandante fueron causadas por actos culpables, criminales y negligentes del demandado; y al condenar al demandado al pago de honorarios.

Hemos examinado la evidencia sometida por ambas partes. La del demandante demuestra que en el día de autos y en el sitio en que la finca del demandante colinda con la del demandado, se entabló una discusión entre ambos colindantes con respecto al sitio en que deberían colocarse los espeques que por orden del demandado se estaban colocando

allí para marcar la colindancia; que el demandado acometió al demandante con un bastón, pero no logró alcanzarle por haber el demandante saltado hacia atrás; que acto seguido el demandado sacó el revólver que portaba e hizo tres disparos al demandante, quien se encontraba como a ocho pies de distancia, hiriéndole en el muslo y cadera izquierdos; que el tercer disparo lo hizo el demandado cuando ya el demandante estaba en el suelo, herido; que durante todo ese tiempo el demandante estaba desarmado; y que entre el demandante, quien se encontraba dentro de su finca y el demandado, que estaba en la suya, mediaba una cerca de maya y un pelo de alambre.

· La prueba del demandado tendió a demostrar que durante la discusión el demandante Luis Calero tenía una daga en la mano y en actitud hostil; que el demandado le dijo: "pues mira, los espeques no los mando a quitar", y el demandante le contestó: "es que usted es un kaiser", a lo que el demandado replicó: "y tú eres un parejero"; que entonces el demandante alzó la daga y le tiró al demandado, y éste saltó hacia atrás y le hizo el primer disparo, haciéndole el segundo al ver que el demandante continuaba avanzando.

El evidente conflicto que existe entre la prueba del demandante y la del demandado fué resuelto por la corte sentenciadora a favor del primero, expresándose así:

"Los hechos esenciales de la demanda en cuanto a la ocurrencia de los hechos quedaron completamente incontrovertidos. En cuanto a cómo se iniciaron y desarrollaron los hechos el demandado y sus testigos trajeron una versión distinta a la del demandante y los suyos, pero la corte no le dió crédito a dicho demandado ni a su testigo, y por el contrario le concede crédito absoluto a la evidencia de la parte actora."

Siendo la prueba del demandante, a la que concedió absoluto crédito el tribunal inferior, suficiente a nuestro juicio para sostener la sentencia recurrida, y no habiéndose imputado a la corte sentenciadora pasión, prejuicio o parcialidad en la apreciación de la evidencia, es nuestro deber declarar

que el primer alegado error no fué cometido. Tampoco se cometió el segundo, que es prácticamente una repetición del primero.

La corte inferior no abusó de su discreción al imponer al demandado el pago de los honorarios del abogado de la parte actora, basándose en la temeridad del demandado. Tampoco hizo mal uso de ella al apreciar la cuantía de los daños y al fijar en $300 el importe de los honorarios. *La sentencia, que consideramos justa y razonable, debe ser confirmada.*